UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

DARRYL LITTLEJOHN,

                Plaintiff,

        – against –

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/09

08 Civ. 3781 (TPG)

**OPINION**

      This case is brought under 42 U.S.C. § 1983 by plaintiff pro se Darryl Littlejohn, who, at the time of the complaint, was a pretrial detainee at the Manhattan Detention Center ("MDC"). Plaintiff is suing New York City Department of Correction ("DOC") Commissioner Martin Horn, MDC Warden George Okada, and MDC Deputy Warden O'Connell, in their individual and official capacities. Defendants move to dismiss the complaint. Plaintiff opposes the motion. The motion is granted.

## **Background**

      Except where otherwise indicated, the following facts are taken from the complaint and from exhibits attached to the complaint. For the purpose of this motion, plaintiff's allegations are assumed to be true.

      On March 7, 2006, after plaintiff was arrested and transferred to the MDC, DOC officials placed plaintiff in "close custody housing/protective custody" ("CCH/PH"). The same day, they gave

plaintiff a written form that notified him of this placement, informed him of his right to a hearing to challenge the placement, and gave him an opportunity to provide a written statement challenging the placement. The form indicated that the designation was made "for his safety" because he was a suspect in a high-profile kidnapping and murder case. Plaintiff refused to write a statement on the form.

On March 8, DOC officials presented plaintiff with another form. The form indicated that plaintiff had appeared at a hearing regarding his CCH/PC status but had "stated he did not want to have a hearing." Therefore, the CCH/PC designation was reaffirmed for plaintiff's "safety," since his criminal case had involved "extensive media coverage." Plaintiff declined to provide a statement because he wished to consult with counsel first.

On May 17, 2006, plaintiff was presented with another form. This time, he signed the form to indicate that "I waive the right to a Due Process hearing" with respect to the CCH/PH designation. However, he alleges that he "stated repeatedly" that he felt that his CCH/PC status was unjustified. The complaint indicates that plaintiff was periodically presented with a form relating to the CCH/PH designation, but that no hearings were held regarding this issue. It appears that plaintiff was maintained in close custody housing at least through the filing of the complaint in this action on March 25, 2008. Plaintiff also alleges that prison officials have required him to be handcuffed whenever he leaves

his cell, that he is not allowed to visit the prison law library, and that he is not allowed to attend religious services.

Plaintiff filed a grievance challenging his lack of access to the law library, outdoor recreational facilities, and a television. Although the history of plaintiff's administrative grievances is somewhat unclear, it appears that these grievances were denied on the ground that they related to his CCH/PH assignment, and therefore should have been challenged in the context of the CCH/PH due process hearings.

Defendants have submitted to the court a copy of DOC Directive 6006R-C, which sets forth DOC policies regarding close custody housing. The directive describes close custody housing as "the most restrictive security status assigned to an inmate." The directive mandates, among other things, that prisoners in CCH/PC be "kept separate from all other inmates at all times," have access to law library materials "'in-cell,'" be allowed one hour of outside recreation each day, and be allowed two visits per week by an appropriate clergy member. It also specifies that inmates "housed in Close Custody will not be routinely restrained once outside their cells," "unless they have been placed in restraint status" as a result of being classified as a violent inmate. When an inmate is involuntarily assigned CCH/PC status, he is to be given notice of the reasons for this assignment and of his right to a hearing. Prison officials must review the assignment every twenty-eight days. Prior to each such

review, the inmate is to be given a form on which he can "provide information in support of removal from Close Custody placement."

Plaintiff makes the following claims. First, he alleges that his constitutional right of access to the courts was violated because he was not allowed to visit the prison law library. Second, he alleges that he was unconstitutionally restricted from attending religious services. Third, he alleges that his due process rights were violated when prison officials required that he be placed in close custody housing, assigned to "central monitoring case status," and handcuffed whenever he leaves his cell. Plaintiff seeks declaratory and injunctive relief, as well as money damages.

Defendants move to dismiss the complaint on the following grounds. They argue that plaintiff's access to legal materials and religious services has satisfied legal requirements. They also contend that plaintiff was provided adequate due process with respect to his CCH/PC status, although they do not address plaintiff's contentions with regard to his "central monitoring" status or his being routinely handcuffed. Finally, they argue that plaintiff failed to exhaust his claims and that he has not sufficiently alleged the personal involvement of the defendants.

## Discussion

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true the facts alleged in the

complaint, and may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the lawsuit. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). To survive such a motion, a complaint must plead sufficient facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nonetheless, a pro se complaint must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008).

The right of access to the courts entitles prisoners to access to "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). To state a claim for a violation of this right, a plaintiff must assert that "alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). In this case, plaintiff concedes that legal materials are delivered to him upon request; his only objection is that he cannot visit the law library personally. However, there is no constitutional requirement that prisons allow physical access to a law library. Nor has plaintiff offered a plausible allegation that his lack of physical access has "hindered his efforts to pursue a legal claim," especially in light of the fact that he has been represented by counsel during his criminal proceedings. This claim is therefore dismissed.

Plaintiff asserts that his right to free exercise of religion has been violated by constraints on his attendance at religious services as a result of his CCH/PC status. However, prisoners do not have an unrestricted right to participate in religious services. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 350-52 (1987). Here, defendants contend that the restrictions are in place for the safety of the prison and its inmates, including plaintiff. Furthermore, DOC policy provides for CCH/PC inmates to be visited twice a week by an appropriate member of the clergy. The court concludes that this policy is permissible because it has "a logical connection to legitimate governmental interests" and still allows inmates alternative means of practicing their religion. <u>Id.</u> Plaintiff's free exercise claim is therefore dismissed.

Plaintiff also asserts a variety of violations of his due process rights. When a prison determines for administrative reasons (rather than punitive reasons) to confine a pretrial detainee to special housing, or to handcuff him whenever he leaves his cell, due process requires that he be given written notice of the prison's actions and their justification, and an opportunity to present his views. <u>Benjamin v. Fraser</u>, 264 F.3d 175, 190 (2d Cir. 2001); <u>Taylor v. Comm'r of N.Y. City Dep't of Corr.</u>, 317 Fed.Appx. 80, No. 07-2044 (2d Cir. Mar. 27, 2009).

With respect to plaintiff's CCH/PC designation, the complaint indicates that plaintiff was afforded these rights. The complaint alleges that plaintiff was given notice of his CCH/PC designation, and the

justification for that designation, on at least three occasions. On all three occasions, he declined to provide a statement challenging the designation. DOC procedures also specify that prisoners are to be given a form every 28 days on which the prisoner can challenge his CCH/PC designation. It appears from the complaint that plaintiff received this form as required, but that he would prefer to have also had a hearing every 28 days. That level of process is required by neither due process nor DOC procedures. Plaintiff has therefore alleged no facts that would state a claim with respect to the CCH/PC designation.

Neither plaintiff nor defendants have offered any meaningful insight into plaintiff's challenge to his designation as a "central monitoring" case. It appears, however, that plaintiff is referring to a designation given to certain inmates who, "because of the nature of their crime, status or behavior, require special evaluation and tracking of their movement through the correctional system" and are therefore subject to "special evaluation and tracking" by the DOC. N.Y. Comp. Codes R. & Regs. tit. 7, § 1000.2. Plaintiff has not pled any facts that would establish that his due process rights were violated—or that he was harmed in any way—by this designation.

Plaintiff has also alleged that his due process rights were violated by the requirement that he be handcuffed whenever he leaves his cell. This requirement is apparently unrelated to plaintiff's CCH/PC designation—in fact, DOC policy states that inmates "housed in Close

Custody will not be routinely restrained once outside their cells." Defendants inexplicably fail to address this allegation in their motion. Moreover, it appears that plaintiff filed an administrative grievance regarding this requirement, and that the grievance was erroneously denied on the basis that it was related to his CCH/PC status. Thus, even if it is true, as defendants contend, that plaintiff failed to exhaust his administrative remedies with respect to this claim, it is at least conceivable that plaintiff could demonstrate that "special circumstances" exist to excuse this failure. Hemphill v. New York, 380 F.3d 680, 689 (2d Cir. 2004).

Nonetheless, this claim must still be dismissed because plaintiff has not alleged that defendants were personally involved in this deprivation. All of the defendants in this action are supervisory officials. For a § 1983 claim against a supervisory official to be cognizable, the official must have (1) directly participated in the unconstitutional action; (2) failed to remedy the problem after learning of it; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; or (4) been grossly negligent in managing subordinates who caused the unlawful condition or event. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Plaintiff has alleged no such involvement on the part of the defendants in this action.

## **Conclusion**

Defendants' motion to dismiss is granted. The complaint is dismissed, and the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
       August 7, 2009

                                        Thomas P. Griesa
                                        U.S.D.J.